UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL OSBORNE,

    Plaintiff,

v.                                    Case No: 8:19-cv-990-T-36AEP

ETHICON, INC. and JOHNSON &
JOHNSON,

    Defendants.
_____/

## **O R D E R**

This matter comes before the Court upon Plaintiff's 28 U.S.C. § 1404(a) Motion to Transfer Venue and Supporting Memorandum of Legal Authority [Doc. 28] and Defendants' Response to Plaintiff's Motion to Transfer Venue [Doc. 29]. The Motion is due to be **GRANTED**.

## **DISCUSSION**

Plaintiff has moved to transfer this action to the United States District Court for the District of New Jersey, Trenton Division, pursuant to 28 U.S.C. § 1404(a). [Doc. 28 at p. 1]. Defendants "do not oppose . . . the transfer of this case." [Doc. 29 ¶ 1]. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action . . . to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Suomen Colorize Oy v. DISH Network L.L.C.*, 801 F. Supp. 2d 1334, 1337 (M.D. Fla. 2011) (Covington, J.) (internal quotation marks omitted). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'"

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

> In determining whether to transfer a case, the Court considers:
>
> > (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). "[T]he decision whether to transfer a case is left to the sound discretion of the district court . . . ." *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982).

Here, all parties have consented to the transfer of this action to the United States District Court for the District of New Jersey, Trenton Division, pursuant to 28 U.S.C. § 1404(a). [Doc. 28 at p. 1; Doc. 29 ¶ 1]. As such, the first prong is satisfied. As to the second prong, Plaintiff argues that this venue is more convenient for Defendants as their headquarters and principal places of business are very close to the courthouse and transfer will facilitate discovery and align the case with many other consolidated cases having common discovery and similar factual and legal questions.[1] [Doc. 28 at p. 2]. While Defendants do not agree with every assertion or position set forth in Plaintiff's Motion, Defendants indicate that their decision to not oppose transfer is based on the facts, posture, and circumstances of the case. [Doc. 29 ¶ 2]. The Court agrees that transfer of this action will allow for judicial efficiency and will the serve the parties' interests in facilitating

---

[1] Plaintiff pointed out that in a similar case, the Orlando Division of this Court ordered transfer to the New Jersey court. [Doc. 28 at p. 4]. That case is *Musgrove et al v. Ethicon, Inc. et al*, 6:18-cv-02145-CEM-DCI (M.D. Fla.). Like here, all parties in that case consented to transfer and the Court granted the motion. *Id.* at Doc. 51.

discovery alongside consolidated cases having common discovery. Additionally, having considered all the relevant factors, the Court finds that they weigh in favor of transfer and that transfer of this action to the United States District Court for the District of New Jersey, Trenton Division is warranted. As such, the Court will grant the Motion.

Accordingly, it is hereby **ORDERED** as follows:

1. Plaintiff's 28 U.S.C. § 1404(a) Motion to Transfer Venue and Supporting Memorandum of Legal Authority [Doc. 28] is **GRANTED**.

2. This action is hereby **TRANSFERRED** to the United States District Court for the District of New Jersey, Trenton Division, for all further proceedings, pursuant to 28 U.S.C. § 1404(a).

3. The Clerk is hereby directed to transfer this action immediately to the United States District Court for the District of New Jersey, Trenton Division, and close this case.

**DONE AND ORDERED** in Tampa, Florida on October 23, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any